PAINE METALLIC PACKING CO. v. BLAKE & JOHNSON.

(Circuit Court, D. Connecticut. May 7, 1908.)

No. 1,233.

PATENTS—INFRINGEMENT—RING PACKING.
    The Paine patent, No. 774,490, for a metallic ring packing, construed, and *held* infringed.

In Equity. Suit for infringement of letters patent No. 774,490 for a metallic ring packing, granted to Jedediah C. Paine November 8, 1904. On final hearing.

Edward K. Nicholson, for complainant.
J. P. Kellogg, for defendant.

PLATT, District Judge. The patent in suit is No. 774,490, dated November 8, 1904, for an improvement in metallic ring packing. Claim 4 is especially put at issue; but it is in a general way broader than the others, and the same question appears in each claim. I quote claim 4 for the sake of clearness:

"4. In a ring packing, the combination with an annular grooved casing and a rod of a plurality of sectional rings surrounding the rod, the said rings being arranged in a plurality of pairs, each pair within a groove, the said rings having allowances for play within the groove, and being divided solely on tangential lines, and so mutually arranged as to break joint, each of said rings having an encircling spring, which serves as the sole means of maintaining contact of the ring with the rod, substantially as described."

It will be noticed that the sectional rings of this claim, as well as the others, are to be treated in a variety of ways, and, among others, are to be "divided solely on tangential lines." Prior to the patent such rings had been combined in pairs; the one on the steam pressure side being divided radially, and the other, which serves to produce a steam-tight joint, divided tangentially. The patentee found that such a construction was faulty, because the one tangentially divided wore away faster than the other, and, besides, that if their positions were accidentally reversed the packing would leak. So he conceived the idea of putting a tangentially cut ring in the place of the one radially divided, thus having a pair of similar tangentially cut rings in one groove or pocket. Thus each forms a steam-tight joint with the rod, and each offers a continuous surface, so that the steam pressure will not pass through radial cuts into the annular cavity and act upon the periphery of the second ring, as had been the case before that time. The steam at chamber pressure forces the rings together and against the side of the annular cavity, thus making a steam-tight joint with the cavity and with the rods. The rings are subject to equal wear, and the tangential cutting so acts that, as the rings or rod wears, the rings follow up, so to speak, and keep the packing close upon the rod.

The defendant's device is for all practical purposes the device of the patent. It gains, by reason of the way the rings are cut, all the advantages of the patent. The defendant says, however, that there is no infringement, because the rings are not divided on a line which forms a pure tangent to the circle made by the inner circumference of

the ring or the outer circumference of the rod. Such a construction of the patent would destroy the life of the conception. It is true that the drawings show the rings divided by a cut that is a pure tangent to the inner circumference of the circle; but it is obvious that practically such cuts cannot be made on an absolute tangent, and, furthermore, the drawing is only shown as one embodiment of the invention. The central thought of the patentee seems to be concerned with two kinds of cuts, radial and tangential. Radial cuts did not work, but tangential cuts did. It is not necessary to say that the instant one departs from a radial cutting one reaches a tangential cutting.

It seems to me that any one who cuts both rings alike, or nearly alike, and in doing so goes so far away from a pure radius and towards a pure tangent as to obtain the good results which the patentee undoubtedly did obtain, is an infringer. The standard dictionaries define tangential as "being or moving in the direction of a tangent." Nothing more. than that is needed here. It is quite a trip from a pure radius to a pure tangent. When we leave the radius we move toward the tangent. When we have traveled more than half the distance, we must be in a tangential, rather than a radial, neighborhood.

Let a decree be entered for an injunction and accounting as prayed for.